# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KELLY-HARRISON, INC,

    Plaintiff,

v.

WCM & ASSOCIATES.,

    Defendant.

Case No.: 2:24-cv-01752-RFB-NJK

**Order**

[Docket No. 37]

Pending before the Court is a motion to withdraw as counsel for Defendant. Docket No. 37.

Whether to allow withdrawal of counsel is an issue entrusted to the broad discretion of the Court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *see also LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In exercising that discretion, courts may consider a number of factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).

Defense counsel submits that withdrawal is warranted based on Defendant's failure to pay legal fees. *See* Docket No. 37 at 3. Courts generally view a failure to pay legal fees as a weak justification for withdrawal. *See, e.g., Bd. of Trs. of the Constr. Indus. v. Sentinel Maint. of Las Vegas, LLC*, No. 2:22-cv-00565-JCM-NJK, 2024 U.S. Dist. LEXIS 76796 at *2 (D. Nev. Apr. 26, 2024); *see also Playup, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2024 U.S. Dist. LEXIS 67474, at *4 (D. Nev. Apr. 9, 2024). It is not clear that such a circumstance warrants allowing withdrawal at this juncture. There are only two pending depositions and, importantly, discovery closes on July 7, 2025, just over a week from now. Docket No. 37 at 5-6. *See, e.g., S.E.C. v. Zufelt*, 2015 WL 7176366, at *1 (D. Utah Nov. 13, 2015) (denying request to withdraw as counsel

before upcoming depositions). The Court is therefore not persuaded by defense counsel's assertion that "no delay of any kind will result" from the withdrawal. *See* Docket No. 37 at 6.

Moreover, withdrawal is sought for a corporate defendant, which cannot proceed without an attorney. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Hence, allowing withdrawal, particularly in the twilight of the discovery period, will likely result in weeks or months of delay while Defendant attempts to retain new counsel. It is not clear that this delay (or potential creation of additional proceedings) is justified given the procedural posture and the discovery that appears to be left in the case.

Given the circumstances, the Court has not been persuaded that withdrawal is appropriate at this time. Therefore, the motion to withdraw is **DENIED** without prejudice. Docket No. 37. The hearing set for 1:30 p.m. on June 27, 2025, is hereby **VACATED**.

Unless and until the Court grants any renewed motion to withdraw, counsel of record for Defendant remain its counsel and must comply with all deadlines set by the Court, as well as all requirements of representation.

IT IS SO ORDERED.

Dated: June 27, 2025.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE