UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELLY-HARRISON, INC,<br><br>    Plaintiff,<br><br>v.<br><br>WCM & ASSOCIATES,<br><br>    Defendant. | Case No. 2:24-cv-01752-RFB-NJK<br><br>**Order**<br><br>[Docket No. 49] |

Pending before the Court is Plaintiff's motion to compel the depositions of Defendant's 30(b)(6) designee and Paul A. Sowell. Docket No. 49. Defendant filed a response. Docket No. 50; *see also* Docket No. 53 (duplicative filing). Plaintiff filed a reply. Docket No. 54. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.  Background**

On April 23, 2025, Plaintiff noticed the depositions of Defendant's 30(b)(6) designee and its president, Paul. A. Sowell. Docket No. 49 at 3. The depositions were rescheduled multiple times and ultimately set for June 25 and 26, 2025. *Id*. On June 19, 2025, Defendant's counsel informed Plaintiff that both the 30(b)(6) witness and Sowell did "not intend to show up for their depositions." Docket No. 49-1 at 48. On June 25, 2025, Defendant's counsel informed Plaintiff that "[he] originally did not think [that the] clients would be appearing for the depositions based upon conversations last week then they advised me they would be at the depos a couple days ago" but that Sowell had been in the ER, that he was on bedrest, and was unable to participate in his scheduled deposition. Docket No. 54-1 at 5-6. On June 25 and June 26, 2025, Plaintiff recorded Defendant's non-appearance. *Id*. at 11-12. The parties are now before the court on Plaintiff's motion to compel the deposition of Defendant's 30(b)(6) designee and Sowell. Docket No. 49.

**II.  Standards**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598

1

(1998). "The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Nonetheless, a party may seek an order compelling the opposing party to provide discovery if the parties are unable to come to an amicable resolution of their dispute. Fed. R. Civ. P. 37(a)(1). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006). "A strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship*, 519 F.2d at 429.

### III. Analysis

At the outset, the Court notes that it is unclear why this dispute necessitated motion practice. Defendant submits that the instant motion to compel is unnecessary as the depositions were going to proceed until Sowell's medical emergency. Docket No. 53 at 8. Defendant also submits that "the Court should extend the discovery until sometime after August when Mr. Sowell is expected to be able to travel and attend a deposition."[1] *Id*. at 5. Plaintiff submits that it had "no choice but to seek the Court's intervention" because Defendant "has flatly refused to appear for its properly noticed depositions." Docket No. 49. Yet, instead of working with Plaintiff to reschedule these depositions, Defendant raises several procedural objections. *See* Docket No. 53. Outside of procedural arguments, Defendant fails to explain, or present points and authorities as to why these depositions should not proceed.

*a. Timeliness*

Defendant submits that the motion to compel was filed seven days before the close of discovery and that "while Plaintiff did technically file the motion before the discovery deadline, with only a week left to conduct discovery and the discovery deadlines having passed after the

---

[1] Defendant submits that it "is willing to extend the discovery deadline universally, not just for the limited purpose of conducting depositions." Docket No. 53 at 5. Other than that conclusory assertion, Defendant provides no basis for an extension of discovery. The discovery cutoff expired on July 7, 2025. Docket No. 36 at 2.

hearing of this motion to compel, it might as well be counted as filing after the deadline." Docket No. 50 at 5. It has long been clear in this District that, absent unusual circumstances, the outer limit for filing a motion to compel is the deadline for filing dispositive motions. *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019). Upon recording Sowell's non-appearance at the deposition on June 25, 2025, Plaintiff moved to compel his deposition testimony in a timely manner, well before the deadline for filing dispositive motions. *See* Docket No. 49 (filed on June 30, 2025); *see also* Docket No. 36 (dispositive motions due by August 5, 2025).

### b. Meet and Confer

Defendant submits that Plaintiff failed to meet and confer. Docket No. 50 at 6. Plaintiff submits that, following Defendant's June 19, 2025, notice that it would not appear for the scheduled depositions, Plaintiff promptly sought to meet and confer. Docket No. 54 at 6. Plaintiff submits that, on June 25, 2025, counsel participated in a face-to-face meet and confer, where Defendant's counsel confirmed on the record that Defendant would not produce its 30(b)(6) designee or Sowell. *Id*. at 7.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good-faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c). This prefiling conference requirement is not simply a formal prerequisite to seeking judicial intervention, but requires a fulsome discussion of

the issues in dispute. *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).

These meet-and-confer requirements are very important and the Court takes them very seriously. At the same time, litigants should not expect courts to look favorably on attempts to use the prefiling conference requirements as procedural weapons through which to avoid complying with their discovery obligations. *See, e.g., Aevoe Corp. v. AE Tech Co.*, Case No. 2:12-cv-00053-GMN-NJK, 2013 WL 4714273, at *2 (Aug. 30, 2013). Gamesmanship by an opposing party that thwarts the meet-and-confer process is not grounds to deny a discovery motion. *See, e.g., Nevada Power*, 151 F.R.D. at 120 (judicial consideration of a dispute is proper when "one party has acted in bad faith, either by refusing to engage in negotiations altogether or by refusing to provide specific support for its claims ..."). The text of Rule 37 reinforces this proposition, requiring only that the movant "attempted" to engage in a rule-complaint conference. Fed. R. Civ. P. 37(a)(1); *see also* Local Rule 26-7(c) (requiring a "good-faith effort"). In addition, the Court retains the discretion to waive the meet-and-confer requirements with respect to any particular motion based on the circumstances of that case. *See Rogers v. Giurbino*, 288 F.R.D. 469, 477-78 (S.D. Cal. 2012); *see also Mielke v. Standard Metals Processing, Inc.*, Case No. 2:14-cv-01763-JCM-NJK, 2015 WL 2152664, at *1 (D. Nev. May 7, 2015) (collecting cases).

Defendant's arguement is at odds with the circumstances of the instant motion, especially as Defendant's counsel confirmed a week prior that Sowell and the 30(b)(6) witness were not going to appear for the scheduled depositions, even though he said Sowell wasn't appearing because of health reasons, *see* Docket No. 50 at 8. Further, Plaintiff attempted to engage in a meet and confer, but Defendant only confirmed that the depositions would not proceed, without any meaningful alternative.[2] Accordingly, the Court will not deny the motion to compel on the basis of the alleged failure to meet and confer.

---

[2] Further, the Court is not persuaded by Defendant's argument that there was a good faith attempt to participate in discovery, especially because of Defendant's failure to attempt to reschedule. *See* Docket No. 50 at 8-9.

*c.  Other Relief*

Plaintiff requests the Court to "impose appropriate sanctions under Rule 37(d)." Docket No. 49 at 6. In this case, the Court is ordering that these depositions proceed. The Court is not persuaded that sanctions are warranted as this juncture.

**IV.  Conclusion**

Accordingly, the motion to compel is **GRANTED**. Docket No. 49. Defendant's 30(b)(6) designee and Paul Sowell are **ORDERED** to sit for depositions at a time and place to be noticed by Plaintiff. The discovery deadline in this case is extended until August 15, 2025, for the sole purpose of conducting these two depositions. Discovery is otherwise closed. Dispositive motions are due by September 15, 2025. The joint proposed pretrial order is due by October 15, 2025, 30 days after resolution of dispositive motions, or further order of the Court.

IT IS SO ORDERED.

Dated: July 28, 2025

_____
Nancy J. Koppe
United States Magistrate Judge